# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| JASMINE PRATER, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| V. § | CIVIL ACTION NO. H-07-2349 |
| § | |
| COMMERCE EQUITIES § | |
| MANAGEMENT COMPANY, INC., § | |
| *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER

In this FLSA suit, the plaintiffs, Jasmine Prater, Christina Stroyick, and Angelica Murillo sued their former employers, Commerce Equities Management Company, Inc.; Commerce Equities Inc.; Commerce Equities – Settler's Ranch Ltd.; Bayou on the Bend Holdings, Ltd.; Mid Rise Builders, LLC; and Matthew G. Dilick. The plaintiffs alleged that the defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay overtime for hours worked in excess of forty hours in a work-week. The plaintiffs also alleged retaliation in violation of the FLSA.

After extensive litigation, the parties agreed to settle their disputes. On December 8, 2008, this court approved the settlement agreement, awarded the plaintiffs $117,553.04 in attorney's fees, and entered final judgment in this case. (Docket Entry Nos. 68, 69). On January 7, 2009, the defendants filed a notice of appeal of this court's memorandum and opinion and the final judgment. (Docket Entry No. 74). On January 13, 2009, the defendants

moved in this court to dismiss the notice of appeal. (Docket Entry No. 76).

As a general rule, a district court is divested of jurisdiction immediately and automatically upon the filing of a notice of appeal with respect to any matters involved in the appeal. *Alice L v. Dusek*, 492 F.3d 563, 564-65 (5th Cir. 2007) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")). In the Fifth Circuit, there are at least four exceptions to this general rule. First, a district court retains jurisdiction over matters that are collateral to the appeal, such as the merits of a case when the appeal concerns a preliminary injunction. *Farmhand, Inc. v. Anel Eng'g Indus.*, 693 F.2d 1140, 1145 (5th Cir. 1982). Second, a district court retains jurisdiction to entertain a motion to stay a judgment or order being appealed. *Id.* at 1145-46 (citing FED. R. APP. P. 8(a)). Third, a district court retains jurisdiction over matters that aid in the appeal, such as making clerical corrections in previous orders. *Id.* Finally, a district court retains jurisdiction to modify preliminary injunctions or enforce the same through civil contempt proceedings. *Id.* (quoting *Brown v. Braddick*, 595 F.2d 961 (5th Cir. 1979)).

The defendants' motion to dismiss the appeal is properly directed to the Fifth Circuit. None of the exceptions to the general rule that this court lacks jurisdiction over matters

related to the appeal apply in this case. This court denies the defendants' motion to dismiss the appeal, without prejudice to refile in the Fifth Circuit.

SIGNED on January 22, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge